CITY & SUBURBAN TELEGRAPH ASSN. v. NELLIE KELLY, ADMX.

**1. RISK ASSUMED BY LINEMAN IN STRINGING WIRES.**

In an action against a telegraph company for damages for causing the death of its servant, a lineman, from a shock received while stringing an uninsulated wire in close proximity to heavily charged and uninsulated wires of another company, it is not error for the court to refuse to direct a verdict for the defendant company on the ground that by the exercise of ordinary prudence the servant would not have undertaken to do the work which the decedent was ordered to perform, and should have known that the wires of the other company were charged with a dangerous current and that the wire he was handling might come in contact with them.

[For other cases in point, see 6 Cyc. Dig., "Master and Servant," §§ 451-482.—Ed.]

**2. ALLEGATIONS NECESSARY TO ADMIT EVIDENCE NEGLIGENCE.**

In the absence of a specific averment that a telegraph company was liable in not supplying its linemen with rubber gloves for protection from possible dangerous currents from other wires or some general allegations to that effect, it is error to admit evidence of such negligence.

[For other cases in point, see 6 Cyc. Dig., "Master and Servant," §§ 618-621, 635-638.—Ed.]

ERROR to Hamilton common pleas court.

**Outcalt & Foraker,** for plaintiff in error.

**D. D. Woodmansee,** for defendant in error.

GIFFEN, J.

The plaintiff in her amended petition avers that Patrick Kelly, deceased, was in the employment of the defendant company in the capacity of lineman; that while thus employed he was assisting in stringing wires in the city of Cincinnati under instructions of the defendant company, and without fault on his part was instantly killed by an electric shock which passed through a wire which he was in the act of stringing upon the company's poles. The negligence, as finally averred, is as follows:

"Said defendant company was guilty of gross negligence, in that it knowingly undertook to, and did string said wire which was not insulated, in close proximity to the wires of the Miami & Erie Canal Trolley Company, which were uninsulated and dangerous, being heavily charged with electricity, all of which was known by the defendant company, its officers and managers and not known to plaintiff's intestate."

The defendant by answer admits that plaintiff's intestate was in

its employ in the capacity of a lineman; that he met his death from an electrical shock while in the performance of his duty, but denies that he was unaware of the dangerous character of the work which he was employed to perform, and avers that the injuries causing his death were sustained without negligence on the part of the defendant company, and were the result of the negligence and want of care of plaintiff's intestate or of his fellow servant engaged in the work with him; and that the risk of all such injuries was assumed by said intestate; and denies each and every other allegation in plaintiff's amended petition.

On trial, the jury returned a verdict in favor of the plaintiff.

The first alleged error is the overruling of the motion of the defendant at the conclusion of plaintiff's evidence to instruct the jury to return a verdict for the defendant. While the plaintiff offered in chief no direct evidence of the knowledge of the defendant that the Miami & Erie wires were charged with electricity and therefore dangerous, yet the circumstances were such that by the exercise of ordinary care, it might and would have known of such condition and danger. It is claimed, however, that the danger was obvious to the intestate and that he therefore assumed the risk.

We think the case is governed by the principle announced in the case of *Van Duzen Gas & Gasoline Eng. Co.* v. *Schelies,* 61 Ohio St. 298 [55 N. E. Rep. 998], the syllabus being as follows:

"1.   A servant assumes only such risks incident to his employment as will happen in the ordinarily careful management of the business of the master; such as arise from the fault of the master are not assumed, and the servant may recover for injuries therefrom, unless his own fault contributed to the accident.

"2.   One who, as a servant, does that in his employment which he is ordered to do by his master, and is injured by the culpable negligence of the latter, is not deprived of a right to recover for the injury by the fact that it was apparently dangerous, if a person of ordinary prudence would, under the circumstances, have obeyed the order, provided he used ordinary care in obeying it.

"3.   In such case the question is one of fact for the jury under proper instructions from the court."

Although it was apparent that the M. & E. wires were erected for the purpose of conveying electricity, it was not apparent to the linemen engaged in the work that such wires were at that time heavily charged with electricity, nor was it apparent that the wire being strung would come in contact with the M. & E. wire. It seems, therefore, that a person of ordinary prudence would, under the circumstances, have

obeyed the order to perform the work as directed. The motion was properly overruled.

The objection to the charge of the court upon the subject of assumed risk is not well founded, as the charge was even more favorable to the defendant than would seem .to be warranted by the case above cited.

Another alleged error is the admission of testimony concerning the use of rubber gloves as a means of avoiding danger in stringing wires. There is no specific allegation in the amended petition that the defendant was negligent in failing to provide the intestate with rubber gloves, nor is there any general allegation which would warrant the admission of evidence of this character. It will be observed that the allegation of the amended petition is, not that the act complained of was done in a negligent and careless manner, but that the act done as averred in the petition constituted negligence. There is no averment that the act was done without providing adequate means to protect the intestate, but that there was a failure to insulate the wire being strung. Upon. the trial, the evidence should be confined to the acts of negligence so specifically and definitely averred in the petition, and we think the court erred in receiving the testimony complained of, for which the judgment will be reversed, and cause remanded for a new trial.

**Swing** and **Giffen, JJ.**, concur.